OPINION
On December 13, 1996, Jerry K. Denham pled guilty to five counts of illegal processing of drug documents, in violation of R.C.2925.23(B)(2), a felony in the fifth degree, and one count of possession of criminal tools, in violation of R.C. 2923.24(A), also a felony in the fifth degree. On January 24, 1997, Denham was sentenced to community control sanctions. The court informed Denham that a sentence of nine months on each count, to be served consecutively, would be imposed if he violated the terms of the community control agreement.
On February 25, 1999, Denham's probation officer filed an affidavit averring that Denham had violated the terms of the community control agreement. On August 18, 1999, Denham stipulated to the violations and the trial court imposed a sentence of nine months on each of the six counts, to be served consecutively.
From the trial court's sentence Denham appeals.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT SENTENCED THE APPELLANT TO MORE THAN THE MINIMUM SENTENCE ON EACH OF THE SIX FIFTH DEGREE FELONIES AND ORDERED THEM TO RUN CONSECUTIVE WITHOUT JUSTIFICATION AS PROSCRIBED UNDER 2929.14.
The trial court made the following findings in its August 18, 1999, judgment entry imposing Denham's sentences:
 The Courts [sic] FINDS that the defendant has violated the community control granted to him in Case No. 96-CR-551.
The Court also finds the following:
 That a non-prison sanction demeans the seriousness of the offense; That a non-prison sanction will not adequately punish defendant and protect the public;
 That factors increasing seriousness outweigh those decreasing seriousness; That there is a likelihood of recidivism;
 Therefore, IT IS AN ORDER OF THE COURT that the Defendant's original sentence of a definite period of 9 months on each count to be served consecutively for a total of 54 months . . . be reimposed.
Denham first argues that the trial court failed to follow the mandate of R.C. 2929.14(B). That section provides that a court sentencing an offender who has not previously served a prison term
 shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B).
The minimum sentence for a fifth-degree felony is six months. R.C.2929.14(A)(5). In order to sentence Denham to nine months on each count, the trial court was required to find that the shortest prison term either "will demean the seriousness of the offender's conduct" or "will not adequately protect the public from future crime by the offender or others."
Our review of the findings made by the trial court in its judgment entry, as well as the transcript of the hearing, reveals that the trial court did not make these findings. Therefore, the trial court erred when it imposed nine month sentences for each of Denham's fifth degree felony convictions.
Next, Denham argues that the trial court failed to make the findings required by R.C. 2929.14(E)(4) when it sentenced Denham to consecutive prison terms. That section states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Again, our review of the trial court's judgment entry and the transcript of the hearing reveals that the trial court did not make the findings that R.C. 2929.14(E)(4) requires when consecutive sentences are imposed. Therefore, the trial court erred when it ordered Denham's multiple sentences to be served consecutively.
Lastly, we note that there is an indication in the brief submitted by the State of Ohio that Denham has previously served a prison term. The State argues that, although the trial court did not make the proper findings, the circumstances merit the sentences imposed because "Had such findings been requested, it would have become clear that Defendant previously had served a sentence for the same exact offense."
The record fails to reveal whether Denham has served a prior sentence. If Denham has served a prior prison term, the trial court is not required to make findings prescribed by R.C. 2929.14(B) in order to impose a sentence other than the minimum term provided.
 Conclusion
The assignment of error is sustained. Pursuant to 2953.08(G)(1) (2), the judgment of the trial court will be reversed and remanded for re-sentencing in accordance with R.C. 2929.14(B) (E)(4).
 _________ GRADY, J.
FAIN, J., and YOUNG, J., concur.